67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linwood Earl DUFFIE, Plaintiff-Appellee,
v.
Leroy EDWARDS; Robert Brock; Lem Capehart, Defendants-Appellants,
and
Head Sheriff Vandiford; Leroy Sutton, Sergeant; Jailor
Lil; Jailor Brooks, Defendants.
 No. 95-6042.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1995.
Decided Sept. 13, 1995.
 
 ARGUED: Kenneth Ray Wooten, Ward & Smith, P.A., New Bern, NC, for Appellants. Marcus B. Jimison, North Carolina Prisoner Legal Services, Inc., Raleigh, NC, for Appellee. ON BRIEF: Cheryl A. Marteney, Ward & Smith, P.A., New Bern, NC, for Appellants. Richard E. Giroux, North Carolina Prisoner Legal Services, Inc., Raleigh, NC, for Appellee.
 Before MURNAGHAN, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Linwood Earl Duffie, incarcerated in a North Carolina county jail, brought suit against jail officials, alleging that they acted with deliberate indifference to his safety in placing him in a holding cell and in delaying medical treatment after he had been beaten by other inmates.
 
 
 2
 The officers filed an answer asserting the affirmative defense of qualified immunity. In response to interrogatories propounded by Duffie, the officers refused to answer on the ground that they should not be subject to discovery until the court had ruled on their defense of qualified immunity. Duffie filed a motion to compel under Fed.R.Civ.P. 37.
 
 
 3
 The officers filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). The district court denied the motion, ruling that Duffie had stated a claim upon which relief could be granted. The court granted the motion to compel, stating that "the defendants are not entitled to assert a defense of qualified immunity."
 
 
 4
 The officers immediately appealed the order, complaining that the district court should have waited for them to move for summary judgment before disposing of their qualified immunity defense.
 
 
 5
 The district court's order denied qualified immunity as the record stood at the time--on the pleadings. The result of that denial was (1) that the complaint survived defendants' motion to dismiss, and (2) that the plaintiff's motion to compel was allowed. The court's ruling was entirely proper. Discovery may proceed despite a claim of qualified immunity when the complaint alleges a violation of clearly established law. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983). Nothing in the court's order or in this opinion precludes the defendants from later moving for summary judgment on their qualified immunity defense if they so desire.
 
 AFFIRMED